THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

United States Courts
Southern District of Texas
FILED

JUL - 9 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) COMMISSION, ) ) Plaintiff, ) ) v. ) ) HALLIBURTON ENERGY SERVICES, ) ) Defendant. ) | CIVIL ACTION NO. V-01-74 COMPLAINT |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Kerry Williams who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 through 11 below, Plaintiff, Equal Employment Opportunity Commission, alleges that Defendant, Halliburton Energy Services, discharged Kerry Williams, a qualified individual with a disability, because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Southern District of Texas, Victoria Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Halliburton Energy Services, a Texas corporation ("Employer") has continuously been doing business in the State of Texas and the County of Victoria and the City of Victoria, and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Kerry Williams, filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

8. On or about January 25, 1999, Defendant Employer engaged in unlawful employment practices at their facility located in Victoria, Texas, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C §12112(a).

9. Kerry Williams suffers from panic anxiety disorder and depression and, as a result, she is substantially limited in one or more major life activities and has a record of being substantially limited in one or more major life activities. In addition, because of her impairments, Defendant Employer regarded Kerry Williams as substantially limited in one or more major life activities.

10. Kerry Williams is an individual with a disability, as defined by the ADA.

11. On or about January 25, 1999, Defendant Employer discharged Kerry Williams from her position as a Senior Administrative Specialist, because she is an individual with a disability, as defined by the ADA.

12. The effect of the practices complained of in paragraphs 8 through 11 above has been to deprive Kerry Williams of equal employment opportunities, and otherwise adversely affect her status as an employee, because of her disability.

13. The unlawful employment practices complained of in paragraphs 8 through 11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 8 through 11 above were done with malice, or with reckless indifference to the federally protected rights of Kerry Williams.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with them, from terminating qualified employees with disabilities, because of their disabilities, and any other employment practice which discriminates on the basis of disability.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to posting notices regarding their compliance with the ADA.

C.   Order Defendant Employer to make whole Kerry Williams by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D.   Order Defendant Employer to make whole Kerry Williams by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 11 above, including, but not limited to medical expenses, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Kerry Williams by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8 through 11 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined

at trial.

  F.  Order Defendant Employer to pay Kerry Williams punitive damages for their malicious and reckless conduct, as described in paragraphs 8 through 13 above, in amounts to be determined at trial.

  G.  Grant such further relief as the Court deems necessary and proper in the public interest.

  H.  Award the Commission its costs of this action.

                Respectfully submitted,

                GWENDOLYN YOUNG REAMS
                Acting Deputy General Counsel

                *[signature]*
                ROBERT B. HARWIN
                Regional Attorney
                D.C. State Bar No. 0760873

                *[signature]*
                LINDA GUTIERREZ
                Supervisory Trial Attorney
                Texas State Bar No. 08642750
                Southern District No. 14464

                *[signature]*
                CYNTHIA M. CANO
                Trial Attorney
                Texas State Bar No. 00790420
                Southern District No. 23969

                EQUAL EMPLOYMENT OPPORTUNITY
                  COMMISSION
                San Antonio District Office

5410 Fredericksburg Rd., Ste. 200
San Antonio, TX 78229-3555
(210) 281-7673
(210) 281-7669 FAX

ATTORNEYS FOR PLAINTIFF

6